UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ROBERT SEASTROM #853617,

    Plaintiff,

v.

UNKNOWN JENNETT,

    Defendant.
_____/

Hon. Janet T. Neff

Case No. 1:19-cv-637

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC) at Lakeland Correctional Facility (LCF), filed a complaint against several individuals employed by the MDOC at LCF based on events that occurred in April and May of 2019. Following initial screening pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c), Plaintiff's sole remaining claim is against Defendant Unknown Jennett for deliberate indifference to Plaintiff's serious medical need in violation of the Eighth Amendment. (ECF No. 5 at PageID.42.)

Presently before the Court is Defendant Jennett's Motion to Dismiss for failure to state a claim.[1] (ECF No. 17.) Plaintiff has not responded to the motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c). Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendant Jennett's motion be **DENIED**.

---

[1] Although Defendant Jennett brings his motion pursuant to Federal Rule of Civil Procedure 12(c)—the rule that applies to judgment on the pleadings—his motion is properly considered a motion to dismiss for failure to state a claim under Rule 12(b)(6) because he has not filed an answer. *See Bray El v. City of Euclid*, No. 1:16CV2160, 2017 WL 2797389, at *3 n.5 (N.D. Ohio June 26, 2017) (treating the defendant's motion pursuant to Rule 12(c) as a motion to dismiss under Rule 12(b)(6) because "defendant did not file an Answer to the Amended Complaint").

## I.  Background

Plaintiff alleges that on April 21, 2019, he asked Defendant Jennett to go to health care following count time to be seen for severe back problems. Defendant Jennett denied Plaintiff's request, stating that Plaintiff did not need medical attention. When Plaintiff repeated his request, Defendant Jennett threatened Plaintiff with a major misconduct ticket, yelled at Plaintiff, and called him names. Plaintiff then requested to speak with a sergeant, but Defendant Jennette refused the request. Eventually, Defendant Jennett issued Plaintiff a major misconduct ticket and directed that he be placed in segregation. (ECF No. 1 at PageID.4.)

Because Plaintiff was having trouble walking, the officer who escorted him to segregation allowed him to use a wheelchair. Soon thereafter, Plaintiff was taken to health care, where a nurse examined him and determined that his back muscles were "extremely tight." (*Id.* at PageID.4–5.)

## II.  Motion Standard

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating its assertions in a light most favorable to Plaintiff to determine whether it states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint

2

simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678-79.

### III. Discussion

During initial screening of Plaintiff's complaint, the Court determined that Plaintiff's allegations sufficed to state an Eighth Amendment deliberate indifference claim against Defendant Jennett. (ECF No. 5 at PageID.42–43.) It should adhere to that ruling.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations that occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Punishment that is without penological justification or involves the unnecessary and wanton infliction of pain also violates the Eighth Amendment's proscriptions. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). In other words, the Eighth Amendment prohibits "the gratuitous infliction of suffering." *Gregg v. Georgia*, 428 U.S. 153, 183 (1976).

The unnecessary and wanton infliction of pain encompasses "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001). Determining whether denial of medical care amounts to an Eighth Amendment violation involves two steps. First, the court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need" sufficient to implicate the Eighth Amendment is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's

attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Thus, the objective component is satisfied where a prisoner receives no treatment for a serious medical need. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018).

If the plaintiff satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837 (1994). *Id.* at 837. In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847). To satisfy this part of the analysis, the plaintiff must demonstrate that the defendant acted with "deliberateness tantamount to intent to punish." *Miller v. Calhoun Cty.*, 408 F.3d 803, 813 (6th Cir. 2005).

Defendant Jennett argues that the Court should dismiss Plaintiff's deliberate indifference claim because tight back muscles is not a sufficiently serious medical condition that satisfies the objective component of an Eighth Amendment claim. Plaintiff alleges, however, more than tight back muscles. Instead, he alleges a severe back condition that rendered him unable to walk. The Sixth Circuit has recognized that "extreme pain due to [a] back condition" can constitute "an objectively serious medical condition." *Murphy v. Grenier*, 406 F. App'x 972, 975 (6th Cir. 2011); *see also Crowell v. Abdellatif*, No. 15-13825, 2017 WL 1186388, at *4 (E.D. Mich. Mar. 2017) ("Plaintiff meets the objective prong of a deliberate indifference claim in that he has the sufficiently serious medical condition[] of . . . back pain . . . ."). Here, at the pleading stage,

Plaintiff's allegation of a severe back problem that rendered him incapable of walking satisfies the objective standard.

As for the subjective requirement, Plaintiff has alleged sufficient facts to show that Defendant Jennett was aware of Plaintiff's serious medical condition but denied his request for treatment. According to Plaintiff's allegations, Plaintiff's painful condition was obvious enough that the corrections officer who escorted Plaintiff to segregation allowed Plaintiff to use a wheelchair. In fact, that corrections officer or someone else determined that Plaintiff's condition was serious enough that he should be seen by a health care provider.

Although Defendant Jennette cites several cases that he claims support his position, *see, e.g.*, *Rhinehart v. Scutt*, 894 F.3d 721 (6th Cir. 2018); *Santiago v. Ringle*, 734 F.3d 585 (6th Cir. 203), those cases were decided at the summary judgment state on a fully developed record, not at the pleading stage. Accordingly, Plaintiff's claim should be alleged to proceed at this juncture.

### IV. Conclusion

For the reasons set forth above, I recommend that the Court **deny** Defendant Jennett's motion to dismiss for failure to state a claim. (ECF No. 17.)

Dated: March 10, 2021  /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).