UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ROBERT SEASTROM #853617,

    Plaintiff,                                   Hon. Janet T. Neff

v.                                                   Case No. 1:19-cv-637

PETER JENNETT,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), filed a complaint against several individuals employed by the MDOC. Plaintiff's sole remaining claim in this action is against Defendant Corrections Officer Peter Jennett for deliberate indifference to his serious medical need in violation of the Eighth Amendment. (ECF No. 5 at PageID.42.) The events giving rise to this claim occurred at Lakeland Correctional Facility (LCF)

Presently before the Court is Defendant's Motion for Summary Judgment. (ECF No. 30.) Defendant filed his motion on August 3, 2021, and served it on Plaintiff at LCF. Prior to that time, Plaintiff had been transferred to Carson City Correctional Facility (DRF). (ECF No. 29.) When Plaintiff did not timely respond to the motion, I directed Defendant to mail a copy of the motion to Plaintiff at DRF. (ECF No. 32.) On September 10, 2021, Defendant mailed a copy of his motion and brief to Plaintiff at DRF. (ECF No. 33.) Plaintiff has not responded to the motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c). Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendant Jennett's motion be **GRANTED,** and that Plaintiff's complaint be **dismissed with prejudice**.

### I. Background

On April 21, 2019, while incarcerated at LRF, Plaintiff began to experience severe lower back pain around 7:00 p.m. (ECF No. 31-2 at PageID.145–46.) The nightly prisoner count began at 10:00 p.m. During that time, Plaintiff was in his bed in his "cube." (*Id.* at PageID.145.) At about 10:40 p.m., Plaintiff decided to seek medical attention. He picked up a book to read while waiting to be seen in healthcare and walked to the front lobby area—a distance of about 50 feet from his "cube"—to ask about going to healthcare. (*Id.* at PageID.149–50.)

In the lobby, Plaintiff encountered Defendant Jennett and asked for permission to go to healthcare following count time to be seen for his severe back pain. Plaintiff claims that Defendant Jennett denied his request and told him that he was out of place. (*Id.* at PageID.150–51.) Plaintiff claims that when he continued to press his request for medical attention, Defendant Jennett began to berate him and told him that he did not need medical attention. Defendant Jennett then told Plaintiff that he was going to write Plaintiff a misconduct ticket and told Plaintiff to have a seat in the lobby. Plaintiff followed the direction and sat down. He then requested to speak with a sergeant, but Defendant Jennette refused the request. (*Id.* at PageID.152–54.) Eventually, Defendant Jennett issued Plaintiff a major misconduct ticket for threatening behavior creating a disturbance and directed that he be placed in segregation. (ECF No. 1 at PageID.4; ECF No. 31-3 at PageID.167.)

Because Plaintiff was having trouble walking, the officer who escorted him to segregation allowed him to use a wheelchair. (ECF No. 1 at PageID.4–5.) Soon thereafter, Plaintiff was taken to healthcare, where a nurse examined him and determined that his back muscles were "extremely tight." (*Id.* at PageID.4–5; ECF No. 31-2 at PageID.155–56.) The nurse gave Plaintiff Tylenol. (*Id.* at PageID.156.)

## II. Motion Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III. Discussion

The Sixth Circuit has noted that, "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. Tennessee*, No. 88-6095, 1989 WL 72470, at *2 (6th Cir. July 3, 1989); *see also Rogers v. Mich. Dep't of Corrs.*, No. 1:17-cv-383, 2019 WL 1388677, at *1 (W.D. Mich. Mar. 6, 2019) (noting that "opposition to a motion for summary judgment is waived, and dismissal appropriate, where the plaintiff fails to respond thereto"); *Center for Biological Diversity v. Rural Utils. Serv.*, No. 5:08-292-JMH, 2009 WL 3241607, at *3 (E.D. Ky. Oct. 2, 2009) (noting that "the Sixth Circuit has held that the lack of response [to a motion] is grounds for the district court to assume opposition to the motion is waived, and grant the motion"). Nonetheless, in accordance with *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991), I have examined Defendant Jennette's

motion to ensure that he has discharged his summary judgment burden, and I conclude that he has done so.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations that occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Punishment that is without penological justification or involves the unnecessary and wanton infliction of pain also violates the Eighth Amendment's proscriptions. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). In other words, the Eighth Amendment prohibits "the gratuitous infliction of suffering." *Gregg v. Georgia*, 428 U.S. 153, 183 (1976).

The unnecessary and wanton infliction of pain encompasses "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001). Determining whether denial of medical care amounts to an Eighth Amendment violation involves two steps. First, the court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need" sufficient to implicate the Eighth Amendment is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Thus, the objective component is satisfied where a prisoner receives no treatment for a serious medical need. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018).

If the plaintiff satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and

> disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837 (1994). *Id.* at 837. In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847). To satisfy this part of the analysis, the plaintiff must demonstrate that the defendant acted with "deliberateness tantamount to intent to punish." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 813 (6th Cir. 2005).

First, regarding the objective component of Plaintiff's claim, Defendant Jennette has established that Plaintiff's back pain was not sufficiently serious. In support of his motion for summary judgment, Defendant Jennette has submitted an affidavit in which he states that, when he observed Plaintiff on April 21, 2019, Plaintiff did not appear to be in pain. Defendant Jennette notes that Plaintiff had walked from his unit cube to the lobby—a distance that Defendant Jennette estimates to be at least 100 feet and that Plaintiff admitted was at least 50 feet. (ECF No. 31-5 at PageID.185.) Defendant Jennette further states that, although Plaintiff stated that he needed to go to healthcare due to back pain, Plaintiff was angry and swearing, and it appeared that he intended to disrupt the prisoner count rather than to seek medical care for an obvious medical need. (*Id.* at PageID.186.) When Defendant Jennette instructed Plaintiff to sit down on the bench, Plaintiff did so, but became even more unruly and then stated that he was "leaving." Because Defendant Jennette interpreted Plaintiff's comment as possibly implying that he was going to attempt to leave the facility, he ordered Plaintiff to be handcuffed. Other corrections officers handcuffed Plaintiff and escorted him to the front of the lobby. (*Id.*)

Plaintiff's medical records show that a nurse examined him at 10:58 p.m., less than 20 minutes after he claims he walked to the lobby to seek medical attention. The treatment note

indicates that Plaintiff described a painful mid-back and said he had 10/10 pain. Upon examination, Plaintiff exhibited impaired range of motion, tenderness, and muscle spasms, but he had no tingling in his feet or arms and was able to walk. The nurse provided Plaintiff Tylenol and placed him on the call-out list to see the medical provider the next day. (ECF No. 31-6 at PageID.190–91.)

Based on these circumstances, Plaintiff fails to show that his medical need was "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). In other words, Defendant Jennette had no reason to know that Plaintiff had a serious medical need, as Plaintiff had just walked at least 50 feet from his cube to the lobby and was able to sit on a bench after being ordered to do so. In addition, no doctor had mandated treatment for Plaintiff's back pain. Because Plaintiff's need for immediate medical care was non-obvious, Plaintiff is required to "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (citations omitted). Plaintiff failed to place such evidence in the record establishing the detrimental effect of the brief delay. Thus, Plaintiff has failed to satisfy the objective component of his claim.

Even if Plaintiff could establish the objective prong of his claim, the claim would still fail on the subjective component. To satisfy this requirement, Plaintiff must "must present evidence from which a trier of fact could conclude 'that [Defendant Jennette] was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene*, 361 F.3d at 294 (citing *Farmer*, 511 U.S. at 829, 847). While Plaintiff alleges that he told Defendant Jennette that he was experiencing back pain, Plaintiff fails to present evidence that Defendant Jennette was subjectively aware of a serious risk of harm to Plaintiff's health and ignored that risk. In support of his motion, Defendant Jennette has submitted a video of the incident, which shows

Plaintiff walking into the lobby carrying a book. (ECF No. 31-3.)[1] Plaintiff approaches Defendant Jennett walking in a normal manner, and after a few minutes of conversation, walks over to a bench, sits down, and crosses his left leg over his right. Soon thereafter, Plaintiff stands up and officers handcuff him. Nothing in Plaintiff's actions, as shown in the video, suggests that he was in extreme pain or that he required immediate medical attention for an objectively serious medical need. Moreover, nothing in the video indicates that Defendant Jennett perceived that Plaintiff was in immediate need of medical care for his back and purposefully ignored or delayed medical treatment.

Accordingly, Plaintiff's claim fails on the merits.

Finally, although Plaintiff's claim fails on the merits, I note that, even if it were allowed to proceed, his official capacity claim would be barred by the Eleventh Amendment. *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009).

## IV.  Conclusion

For the reasons set forth above, I recommend that the Court **grant** Defendant Jennett's motion for summary judgment, (ECF No. 30), and dismiss Plaintiff's complaint **with prejudice**.

Dated: November 17, 2021                    /s/ Sally J. Berens
                              SALLY J. BERENS
                              U.S. Magistrate Judge

## **NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

---

[1] Due to viewing issues with the DVD, Defendant Jennett re-submitted the video on a thumb drive.

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).